**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 14 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| VARINDER SINGH CHEEMA, | No. 06-71845 |
| Petitioner, | Agency No. A077-382-132 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 5, 2010[**]

Before:    RYMER, McKEOWN, and PAEZ, Circuit Judges.

Varinder Singh Cheema, a native and citizen of India, petitions pro se for

review of a Board of Immigration Appeals ("BIA") order dismissing his appeal

from an immigration judge's decision denying his application for asylum,

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

withholding of removal, and protection under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Tekle v. Mukasey*, 533 F.3d 1044, 1051 (9th Cir. 2008), and we grant the petition for review.

Substantial evidence does not support the agency's adverse credibility determination because the discrepancy between Cheema's testimony and his asylum application with respect to the length of his 1996 detention did not enhance his claim, *see Singh v. Ashcroft*, 362 F.3d 1164, 1171 (9th Cir. 2004), and the discrepancy was not accompanied by other indications of dishonesty such as a pattern of clear and pervasive inconsistency or contradiction, *see Don v. Gonzales*, 476 F.3d 738, 742 (9th Cir. 2007) (holding discrepancies that do not enhance a claim may be considered when accompanied by other indications of dishonesty).

Further, even if substantial evidence supports the agency's alternate finding that Cheema was not persecuted on account of a protected ground with respect to his 1994 arrest, the agency failed to consider whether Cheema's 1996 arrest was on account of a protected ground, and must be given the opportunity to do so in the first instance. *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).

Accordingly, we grant the petition for review, and remand to the BIA for further proceedings in which Cheema's testimony shall be deemed credible. *See*

*Soto-Olarte v. Holder*, 555 F.3d 1089, 1095-96 (9th Cir. 2009); *see also Ventura*,

537 U.S. at 16-18.

**PETITION FOR REVIEW GRANTED; REMANDED.**